UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DAVID GEORGE                         :
                                     :
                    Plaintiff,       :
                                     :
             -against-               :          **OPINION**
                                     :       06 Civ. 6135 (RLC)
COUSINS PRINTING LLC,                :
TANA SEYBERT LLC                     :
                                     :
                    Defendants.      :
------------------------------------X




APPEARANCES

DAVID GEORGE
Pro Se




LITTLER MENDELSON, P.C.
Attorneys for Defendants
885 Third Avenue, 16th Floor
New York, NY 10022

                    A. MICHAEL WEBER
                              Of Counsel










ROBERT L. CARTER

Currently before the court is defendants' motion to dismiss the complaint pursuant to Rule 41(b), F.R. Civ. P. For the reasons herein, the court grants the motion to dismiss.

## BACKGROUND

On August 8, 2006, plaintiff initiated this lawsuit, alleging that defendants violated the Family and Medical Leave Act of 1993, the New York State Human Rights Law, and the Administrative Code of the City of New York.  Defendants answered the complaint by denying the claims against them.

On December 7, 2006, plaintiff's counsel, Jonathan Weinberger, moved to withdraw as counsel because plaintiff refused to communicate with him.  The court granted the motion to withdraw on February 27, 2007.  The court also ordered plaintiff to "retain new counsel within sixty (60) days of the date of this order:  otherwise plaintiff's remaining claims may be dismissed with prejudice."

In June 2007, defendants contacted Weinberger, who confirmed that he had forwarded the February 27, 2007 order to plaintiff.  On July 17, 2007, defendants requested permission to file a motion to dismiss the complaint for plaintiff's failure to comply with the February 20, 2007 order and his failure to prosecute his claims against defendants.  On July 24, 2007, the court granted defendants' request for permission to file a motion to dismiss.  The July 24 order required that defendants file their motion to dismiss by August 27, 2007, and that plaintiff respond to

2

the motion by September 24, 2007.  Defendants filed their
motion to dismiss on August 27, 2007.  Plaintiff still has
not responded.


                        **Discussion**

     Under Rule 41(b), F.R. Civ. P., dismissal is
appropriate where a plaintiff fails "to prosecute or to
comply with. . .any order of court."  District courts have
the "inherent power" to dismiss a case for failure to
prosecute under Rule 41(b), F.R. Civ. P.  See Link v. Wabash
R.R. Co., 370 U.S. 626, 630 (1962).  Where there is a pro se
plaintiff, the Court of Appeals for the Second Circuit has
detailed several factors that district courts should
consider before dismissing a complaint pursuant to Rule
41(b), F.R. Civ. P.  These factors include the following:
1) the duration of the plaintiff's failures; 2) whether the
plaintiff had received notice that further delays would
result in dismissal; 3) whether the defendant is likely to
be prejudiced by further delay; 4) whether the judge has
taken care to strike the balance between alleviating court
calendar congestion and protecting due process rights; and
5) whether the judge has adequately assessed the efficacy of
lesser sanctions.  See Alvarez v. Simmons Mkt. Research
Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)(citations
omitted).

     Plaintiff's failures have endured for over a year.  The
court permitted plaintiff's former counsel to withdraw from

                            3

his representation in its February 27, 2007 order.  It also
mandated plaintiff to retain new counsel within sixty days
of the order.  Since April 2007, plaintiff has been in
noncompliance with that order and has not retained new
counsel.  Neither plaintiff nor counsel for plaintiff has
contacted defendants or the court since the February 27,
2007 order.  One year of noncompliance with the order and
non-communication with defendants sufficiently warrant
dismissal of plaintiff's complaint.  See In Re Michaelesco,
154 Fed. Appx. 230, 231 (2d Cir. 2005) (affirming the
dismissal of a pro se plaintiff's claims after plaintiff
failed to file a brief for four months after the original
deadline, and plaintiff was repeatedly tardy in her filings
to the court).

     Moreover, plaintiff received notice that his
noncompliance with the February 27, 2007 order could result
in dismissal of his claims against defendants.  The order
stated, "Plaintiff is directed to retain new counsel within
sixty (60) days of the date of this order; *otherwise
plaintiff's remaining claim may be dismissed with
prejudice*." (emphasis added).  This was sufficient notice
that noncompliance could be fatal to his claims.

     Further, defendants have been prejudiced by the delay.
The Second Circuit has noted that "prejudice to defendants
resulting from unreasonable delay may be presumed."  See
Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir.
1982).  More than a year has passed since the February 27,

2007 order.  This is unreasonable delay.  Defendants have been prevented from conducting discovery, yet still must devote time in communicating with the court regarding this matter.

The court has considered the need to strike a balance between court congestion concerns and plaintiff's due process rights.  In this case, plaintiff's failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim. See Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004).  Plaintiff has made no effort to comply with the court's orders or to prosecute this case.  It would not be fair to the many other litigants awaiting the court's attention to keep this suit on the court's docket, especially because plaintiff has remained silent for one and one-half years.

Finally, dismissal is the only appropriate sanction. The "court should not have to beg the parties before it to litigate the cases they initiate."  McLean v. City of New York, 2007 WL 415138, at *4 (Scheindlin, J.).  Plaintiff has demonstrated a disinterest in pursuing his claims, and there is no reason to believe that lesser sanctions would encourage him to prosecute his claims.

For the aforementioned reasons, defendants' motion to dismiss the complaint with prejudice, pursuant to Rule 41(b), is granted.

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss the complaint, pursuant to Rule 41(b), F.R. Civ. P., is granted.

**IT IS SO ORDERED**

DATED:    New York, New York
             September 2, 2008



**ROBERT L. CARTER**
**U.S.D.J.**